UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TEDDY H. DRIVER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:21-cv-01932-TWP-DML ) |
| CITY OF KOKOMO, COUNTY OF HOWARD, OFFICER T. SOLOMON #372, Kokomo Police Officer, OFFICER CARPENTER Correctional Officer Howard Co. Jail, | ) ) ) ) ) ) ) |
| Defendants. | ) |

**Order Granting Motion for Leave to Proceed *in Forma Pauperis*,
Screening Complaint and Dismissing Deficient Claims,
and Directing Issuance and Service of Process**

*Pro se* plaintiff Teddy H. Driver filed this 42 U.S.C. § 1983 action on June 29, 2021. He also seeks leave to proceed *in forma pauperis*. The Court makes the following rulings.

### I.  Motion for Leave to Proceed *in Forma Pauperis*

Mr. Driver's motion for leave to proceed *in forma pauperis*, dkt. [2], is **granted**.

### II.  Screening Standard

Although Mr. Driver is no longer a "prisoner" as defined by 28 U.S.C. § 1915A(c), the Court nevertheless invokes its inherent authority to screen his complaint before service on the defendants. *See Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status.").

In determining whether a complaint states a claim upon which relief can be granted, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of

Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal:

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III. Mr. Driver's Complaint

Mr. Driver names four defendants in his complaint: (1) the City of Kokomo; (2) the County of Howard; (3) Officer T. Solomon; and (4) Officer Carpenter. Dkt. 1 at 1, 4. He seeks monetary damages.

The following allegations are made in the complaint. On July 2, 2019, Mr. Driver's truck was stuck in a ditch. He then encountered Kokomo, Indiana, police officer T. Solomon and the two disagreed about who would call for a tow truck. When Mr. Driver asserted his right to call a tow truck of his choosing, Officer Solomon struck him in the face with his fist, knocking him to the ground, and inflicting an injury that took six stiches to close.

Mr. Driver was then taken to the Howard County Jail where he was beaten unconscious by Howard County Sheriff's Officer Carpenter and two other unnamed officers, one male and one female. His head was slammed against the wall and he was stomped after he fell to the floor. These injuries have resulted in a loss of some vision and hearing.

### IV. Analysis

The Court discerns that Mr. Driver was not a convicted offender at the time of the alleged assaults, and that a judicial finding of probable cause, *see Gerstein v. Pugh*, 420 U.S. 103 (1975), had not yet been made. His claims against Officer Solomon and Officer Carpenter for unreasonable or excessive force shall therefore **proceed** under a Fourth Amendment objective reasonableness

standard. *Currie v. Chhabra*, 728 F.3d 626, 629–30 (7th Cir. 2013). Mr. Driver's Fourth Amendment rights are applied to the states by the Fourteenth Amendment and § 1983. *See Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911 (2017).

No policy, practice, habit, or custom allegations are made against the City of Kokomo or Howard County. *Glisson v. Ind. Dep't of Corr.*, 849 F.3d 372, 378-79 (7th Cir. 2017) (en banc) ("The critical question under Monell . . . is whether a municipal (or corporate) policy or custom gave rise to the harm (that is, caused it), or if instead the harm resulted from the acts of the entity's agents."), citing *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658 (1978). Neither entity has supervisor liability ("*respondent superior*") in Section 1983 cases. *Iqbal*, 556 U.S. at 676–77 (holding that public employees may be held liable for their own decisions and policies but are not liable under the doctrine of *respondeat superior* for the acts, decisions, and policies of other persons); *Monell*, 436 U.S. at 691–94; *Gaston v. Ghosh*, 920 F.3d 493, 495-96 (7th Cir. 2019) (same and citing to *Iqbal*, 556 U.S. at 676-77; *Monell*, 436 U.S. at 691-94). Thus, all claims against the City of Kokomo and Howard County are **dismissed**.

The Fourth Amendment claims against Officer T. Solomon and Officer Carpenter are the only viable claims identified by the Court in Mr. Driver's complaint. Should Mr. Driver believe the Court has overlooked a claim and/or defendant, he shall have through **July 28, 2021**, in which to file a motion to reconsider bringing such omissions to the Court's attention.

### V. Issuance and Service of Process

The **clerk is directed** pursuant to Federal Rule of Civil Procedure 4(c)(3) to issue process to defendants Officer T. Solomon and Officer Carpenter in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. 1, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to terminate the City of Kokomo and Howard County as defendants.

## VI. Conclusion

Mr. Driver's motion for leave to proceed *in forma pauperis*, dkt. [2], is **granted**. The complaint has been screened and Fourth Amendment claims directed to **proceed** against Officer T. Solomon and Officer Carpenter. The **clerk has been directed** to issue and serve process to these defendants. All claims against defendant the City of Kokomo and Howard County are **dismissed** and the **clerk has been directed** to terminate these defendants from the docket. Mr. Driver has through **July 28, 2021**, to file a motion to reconsider that brings any overlooked claims and/or defendants to the Court's attention.

**IT IS SO ORDERED**.

Date: 7/7/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Teddy H. Driver
605 South Bell Street
Apt 306
Kokomo, IN 46901

Officer T. Solomon
Kokomo Police Department
100 South Union Street
Kokomo, IN 46901

Officer Carpenter
Howard County Jail
1800 West Markland Avenue
Kokomo, IN 46901