**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| TEDDY H. DRIVER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:21-cv-01932-TWP-DML |
| ) | |
| OFFICER T. SOLOMON #372, Kokomo Police ) | |
| Officer, T. WILLIAMS, K.P.D. Officer #397[1], C. ) | |
| RAYLES, K.P.D. Officer #398, C. WHITE, ) | |
| K.P.D. Officer #397, and CARPENTER, Howard ) | |
| County Correctional Officer, and UNKNOWN ) | |
| CORRECTIONAL OFFICERS 1-3, ) | |
| ) | |
| Defendants. ) | |

**ORDER SCREENING AMENDED COMPLAINT, DISMISSING DEFICIENT CLAIMS, AND DIRECTING ISSUANCE AND SERVICE OF PROCESS**

This matter is before the Court for screening of the Amended Complaint. (Dkt. 19). On July 7, 2021, Plaintiff Teddy H. Driver's ("Mr. Driver") *pro se* civil rights complaint was screened and Eighth Amendment claims were directed to proceed against Defendants T. Solomon ("Officer Solomon") and Carpenter ("Officer Carpenter"). Mr. Driver has now filed an Amended Complaint, adding claims against new defendants. (Dkt. 19.) The Amended Complaint is also subject to screening. *See* 28 U.S.C. § 1915(e)(2). For the reasons explained below, claims against certain defendants are dismissed while claims against other newly named defendants shall proceed. Service on a previously screened defendant who has not yet appeared is also directed.

**I. SCREENING STANDARD**

Because Mr. Driver is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2) directs the Court to dismiss any complaint or any claim within a complaint which "is frivolous or malicious"

---

[1] Officer Travis Williams' badge number is actually #387

or "fails to state a claim upon which relief may be granted." *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013).  To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, the amended complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (same).  The Court construes *pro se* pleadings liberally and holds *pro se* pleadings to less stringent standards than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## II.   THE AMENDED COMPLAINT

"For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture." *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017).  Therefore, the amended complaint must contain all claims against all parties.  *See also* S.D. Ind. L.R. 15-1(b).

In his Amended Complaint, (Dkt. 19), Mr. Driver names seven defendants: (1) The City of Kokomo, Indiana; (2) Howard County (Indiana); (3) Kokomo Police Department ("KPD") Officer T. Solomon; (4) KPD Officer T. Williams; (5) KPD Officer C. Rayles; (6) KPD Officer C. White; and (7) Howard County Correctional Officer Carpenter.  He also includes "three unknown correctional officers" in the caption.  *Id.*

The following are the factual allegations made by Mr. Driver.  He alleges that on July 2, 2019, after his truck got stuck in a ditch, and as he was calling a friend for tow truck assistance, Officer Solomon of the Kokomo Police Department arrived.  He and Officer Solomon argued about who would summon a towing service.  Suddenly and without warning, Officer Solomon knocked him to the ground where he lay unconscious for several minutes.  *Id*. at 1-2.  He awakened

to find his hands were handcuffed behind his back, and Officer Williams was stomping on him. Also present was Officer Rayles, whom Officer Williams asked whether "he was performing his training right". *Id*. at 3. Although his face needed stitches from the officers' battery, they would not let "first aid" take him to the hospital; the officers took him to the hospital themselves. *Id.*

When the handcuffs were removed at the Howard County Jail, Correctional Officer Carpenter slammed Mr. Driver's head into a wall while yelling "stop resisting." Three unknown jail officers joined in the battery of Mr. Driver while also yelling "stop resisting." Mr. Driver lost consciousness several times. *Id*. at 4.

The physical abuses were witnessed by several unnamed KPD police officers and Howard County sheriff deputies who stood by and made no attempt to stop the abuses, cheered the abusers on, and then failed to report the incidents to superiors. *Id*. at 6.

"This type of abuse" was a "common practice" of the correctional officers at the Howard County Jail. *Id*. at 4. These common practices are a result of Howard County and the City of Kokomo failing to properly train recruits and provide periodic training updates. *Id*. at 5.

As a result of being battered, Mr. Driver was left with serious bodily injuries, loss of hearing, and permanent damage to his left eye. He seeks "justice and accountability." *Id*. at 6.

### III. ANALYSIS

Constitutional claims brought against state, county, or city officials are brought pursuant to 42 U.S.C. § 1983. The threshold inquiry in a § 1983 suit, is to "identify the specific constitutional right" at issue. *Manuel v. City of Joliet, Ill*., 137 S. Ct. 911, 920 (2017) (quoting *Albright v. Oliver*, 510 U.S. 266, 271 (1994)). Mr. Driver asserts claims under the Fourth, Eighth, and Fourteenth Amendments, and Article 19 of the Universal Declaration of Human Rights. (Dkt. 19 at 5.) Constitutional claims are to be addressed under the most applicable provision. *See Conyers v.*

*Abitz*, 416 F.3d 580, 586 (7th Cir. 2005). As noted in the original screening order, because Mr. Driver is understood to have been an arrestee and pre-trial detainee, not a convicted offender, his constitutional claims of excessive force are brought pursuant to the Fourth and Fourteenth Amendments. *See Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015) (pretrial detainee's excessive force claim analyzed pursuant to an objective reasonableness standard under the Fourteenth Amendment); *accord*, *McCann v. Ogle Cty.*, 909 F.3d 881, 886 (7th Cir. 2018); *Miranda v. Cty. of Lake*, 900 F.3d 335, 353–54 (7th Cir. 2018).

The United Nations Universal Declaration of Human Rights is non-binding and does not provide a private right of action. *See Konar v. Illinois*, 327 F. App'x 638, 640 (7th Cir. 2009); s*ee generally Hijrajannah v. UMG Recordings, Inc.*, 588 F. App'x 507, 507-08 (7th Cir. 2015). All claims brought pursuant to the Universal Declaration of Human Rights are **dismissed** for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915A; Fed. R. Civ. P. 12(b)(6).

Fourth Amendment claims have been previously directed to proceed against Officer Solomon, who has appeared through counsel, and Officer Carpenter, who has not yet been served with process. Those claims are included in the Amended Complaint and **shall continue to proceed**. The Amended Complaint also states Fourteenth Amendment claims against Officer Williams for excessive force, and Officer Rayles for failure to intervene that **shall proceed**.

Mr. Driver also states policy, practice, habit, or custom claims, (*see Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658 (1978)), against the City of Kokomo and Howard County that **shall proceed**.

While the Amended Complaint includes Officer C. White as a defendant in the caption, no allegations against him are made in the Amended Complaint. In fact, Officer White's name appears

only in the caption.  (Dkt. 19 at 1.)  Officer White is therefore **dismissed** for failure to state a claim upon which relief can be granted.  28 U.S.C. § 1915A.

The Court construes the requested remedy of "justice and accountability" as a request for monetary damages.

Finally, defendants "Three Unknown Correctional Officers" who participated in the alleged battery of Mr. Driver at the Howard County Jail with Officer Carpenter are John Doe defendants because their identities are unknown.  "It is pointless to include a John Doe defendant in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff."  *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (cleaned up); *accord Herrera v. Cleveland*, -- F. 4th --, 2021 WL 3447681 at ** 2-4 (7th Cir. Aug. 6, 2021) (acknowledging futility of naming John Doe defendants).  If Mr. Driver learns the identities of the three unknown officers through the discovery process or otherwise, he may then move to amend his amended complaint to add those officers to this action.  All claims against "Three Unknown Correctional Officers" are **dismissed** for failure to state a claim upon which relief can be granted.  28 U.S.C. § 1915A.

In summary, claims against Defendants the City of Kokomo, Howard County, Officer Solomon, Officer Williams, Officer Rayles, and Officer Carpenter **shall proceed**.  Defendants Officer C. White and Three Unknown Correctional Officers are **dismissed** for failure to state a claim upon which relief can be granted.

## IV. PROCESS

### A. Re-Issuance of Process to Officer Carpenter

The Court has been informed that Officer Carpenter is no longer employed at the Howard County Jail. The Sheriff of Howard County has informally provided the Court with Officer Carpenter's full name and last known address. (Dkt. 18 (*ex parte* restricted access).) The **Clerk is directed** pursuant to Federal Rule of Civil Procedure 4(c)(3) to re-issue and serve process to defendant "**Jordan Carpenter**" at the address shown on Docket entry 18. Process shall consist of the Amended Complaint, (Dkt. 19), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

### B. Issuance and Service to Remaining Defendants

The **Clerk is directed** pursuant to Federal Rule of Civil Procedure 4(c)(3) to issue process to defendants City of Kokomo and Howard County in the manner specified by Rule 4(d). Process shall consist of the Amended Complaint, (Dkt. 19), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

No service is necessary for defendants Officer T. Williams and Officer C. Rayles because counsel has entered an appearance on their behalf. (Dkt. 20.)

## V. CONCLUSION

The Court has conducted its screening of the Amended Complaint and added defendants City of Kokomo and Howard County to this action. For the reasons explained above, the claims against Defendants the City of Kokomo, Howard County, Officer Solomon, Officer Williams, Officer Rayles, and Officer Carpenter **shall proceed**. The **Clerk is directed** to add the City of Kokomo, Indiana and Howard County, Indiana to the docket as defendants.

All claims against Officer C. White and the Unknown Correctional Officer's 1-3 are **dismissed** for failure to state a claim upon which relief can be granted. The **Clerk is directed** to **terminate** defendants Officer C. White and the Unknown Correctional Officers 1-3 on the docket.

The **Clerk is directed** to issue and process as provided in Section IV.

**SO ORDERED**.

Date: 8/12/2021

DISTRIBUTION:

Teddy H. Driver
605 South Bell Street, Apt 306
Kokomo, Indiana  46901

Caren L. Pollack
POLLACK LAW FIRM, P.C.
cpollack@pollacklawpc.com

City of Kokomo
100 South Union Street
Kokomo, Indiana  46901

Howard County
220 North Main Street
Kokomo, Indiana  46901

Officer Jordan Carpenter
(at address found at Dkt. 18 (ex parte, restricted access))

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana