UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TEDDY H. DRIVER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:21-cv-01932-TWP-DML |
| ) | |
| OFFICER T. SOLOMON, ) | |
| T. WILLIAMS, ) | |
| C. RAYLS, ) | |
| CARPENTER, ) | |
| CITY OF KOKOMO, INDIANA, ) | |
| HOWARD COUNTY, INDIANA, ) | |
| ) | |
| Defendants. ) | |

**ORDER DENYING MOTIONS FOR RELIEF FROM JUDGMENT
AND REQUEST FOR TRANSCRIPTS**

This matter is before the Court on several post-judgment motions filed by Plaintiff Teddy H. Driver ("Plaintiff"). Before the Court is Dkt. 48, a Motion to Set Aside Erroneous Dismissal; Dkt. 54 is a Motion Requesting Order for Phone Recording Transcripts; Dkt. 55 is a Motion to Amend/Correct to Set Aside Erroneous Dismissal; and Dkt. 56, a Motion Requesting Equitable Tolling. This action was dismissed as barred by the statute of limitations and final judgment was entered on April 26, 2022. (Dkt. 46). The Court explained that Plaintiff had through June 3, 2021, in which to file this civil action, but his Complaint was not received by the clerk and filed until June 29, 2021. (Dkt. 45 at p. 3). Plaintiff has filed an appeal with the Seventh Circuit Court of Appeals, and several post-judgment motions, three of which seek relief from judgment. For the reasons explained below, the post-judgment motions, dkts. [48], [54] and [56] are **denied**; and consistent with this Order, dkt. [55] **is granted in part and denied in part**.

1

## I. Motions to Amend Judgment

The Plaintiff's motions to set aside judgment and for equitable tolling were filed within 28 days of the date judgment was entered in this action. They are therefore treated as a motion to amend judgment pursuant to Rule 59 of the *Federal Rules of Civil Procedure*. Rule 59(e) allows a court to amend a judgment only if the movant can "demonstrate a manifest error of law or fact or present newly discovered evidence." *Lightspeed Media Corp. v. Smith*, 830 F.3d 500, 505–06 (7th Cir. 2016) (internal citations omitted). A "manifest error" means "the district court commits a wholesale disregard, misapplication, or failure to recognize controlling precedent." *Stragapede v. City of Evanston, Illinois,* 865 F.3d 861, 868 (7th Cir. 2017) (internal quotation omitted). "A manifest error is not demonstrated by the disappointment of the losing party." *Oto v. Metropolitan Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir. 2000) (internal quotations omitted). Relief through a Rule 59(e) motion for reconsideration is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008).

### A. Motion to Set Aside Erroneous Dismissal

Plaintiff filed a motion to set aside erroneous dismissal on May 13, 2022. (Dkt. 48). He argues that there is no statute of limitations for § 1983 claims and that the dismissal of his case is a further abuse of his constitutional rights. *Id.* at 1. Plaintiff states he intends to sue the U.S. Postal Service for the mail delays and that the late delivery of his complaint was outside of his control. (Dkt. 48). He asks the court to set aside the dismissal of this action. *Id.* at 3.

Plaintiff is mistaken in his assertion regarding a limitations period. In Indiana, a § 1983 claim must be filed within two years of the date the claim accrues. Under Rule 3 of the Federal Rules of Civil Procedure, "[a] civil action is commenced by filing a complaint with the court," and

a complaint is "filed" on the date it is delivered to the clerk. *Farley v. Koepp*, 788 F.3d 681, 686 (7th Cir. 2015) (citing Fed. R. Civ. P. 5(d)).

Plaintiff has not offered any case law that calls into question the Court's conclusion that a two-year statute of limitation period applies in this case and that a complaint is filed on the date it is received by the clerk and not when it is mailed. Dkt. 45; Fed. R. Civ. P. 3. In the absence of such authority, no manifest error has been identified and the motion to set aside the judgment, dkt. [48], is **denied.**

**B. Motion to Amend/Correct Motion to Set Aside Erroneous Dismissal**

Plaintiff seeks to supplement his motion to set aside the judgment, (Dkt. 55), to include the postal tracking information associated with his complaint. The court has reviewed the tracking information. It reflects that the complaint was mailed on May 18, 2021, and delivered to the courthouse on June 29, 2021, after the two-year statute of limitations had expired on June 3, 2021. Dkt 45 at p. 3. Plaintiff reports that he feels like he is being punished for things out of his control. But the dismissal of this action was not personal. Instead, as the Court previously explained, statutes of limitations "represent a pervasive legislative judgment that it is unjust to fail to put the adversary on notice to defend within a specified period of time and that 'the right to be free of stale claims in time comes to prevail over the right to prosecute them.'" *United States v. Kubrick*, 444 U.S. 111, 117 (1979) (quoting *Railroad Telegraphers v. Railway Express Agency*, 321 U.S. 342, 349 (1944)). The Motion to Amend the Motion to Set Aside Erroneous Dismissal, dkt. [55], is **granted in part and denied in part**. It is **granted** in that the Court has considered the postal tracking information associated with his Complaint, but the amended motion to set aside judgment, is **denied**.

### C. Motion for Equitable Tolling

Plaintiff's request for equitable tolling, dkt. 56, is **denied**. Although this is a new argument and "[d]istrict courts need not grant Rule 59(e) motions 'to advance arguments or theories that could and should have been made before the district court rendered a judgment,'" the Court will rule on the merits of this motion. *Cehovic-Dixneuf v. Wong*, 895 F.3d 927, 932 (7th Cir. 2018) (quoting *Miller v. Safeco Ins.*, 683 F.3d 805, 813 (7th Cir. 2012)). Equitable tolling is not warranted under the circumstances of this case.

> Equitable tolling halts the limitations clock "when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action." *Xanthopoulos v. United States Dep't of Lab.*, 991 F.3d 823, 831 (7th Cir. 2021) (internal quotation marks omitted); *see Farzana K. v. Indiana Dep't of Educ.*, 473 F.3d 703, 705 (7th Cir. 2007) (noting that equitable tolling "deals with situations in which timely filing is not possible despite diligent conduct"). And it is the plaintiff's burden to show "he diligently pursued the claim and some extraordinary circumstances prevented him from filing his complaint within the statute of limitations." *Sparre v. United States Dep't of Lab.*, 924 F.3d 398, 402–03 (7th Cir. 2019) (internal quotation marks omitted).

*Herrera v. Cleveland*, 8 F.4th 493, 499 (7th Cir. 2021). Plaintiff argues that the period of time from May 18, 2021, through June 29, 2021, when his Complaint was lost in the mail should be equitably tolled because his conduct was not negligent. (Dkt. 56 at p. 1-2). He argues that exceptional circumstances outside his control resulted in the delayed filing of his complaint.

But Plaintiff sent his Complaint by certified mail and the ability to track delivery by using the tracking number; he expected it to be delivered by the post office by May 21, 2021. *See* dkt. 33-1. When that didn't happen, he had plenty of time to either mail another copy of the Complaint to the clerk's office, hand deliver a copy of the Complaint to the clerk's office, or to take advantage of the Court's email filing opportunity. *See* dkt. 45. Unfortunately for Plaintiff, delayed or misplaced mail is not an exceptional circumstance under these circumstances. *See Brimage v. Fowler*, No. 15 C 4970, 2020 WL 5979605, at *4 (N.D. Ill. Oct. 8, 2020) (stating that "because

4

Brimage could have followed up to ensure his mail had been delivered, the postal mishap adds little to the argument in favor of equitable tolling."); *see also Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 756 (2016) ("[T]he second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are . . . beyond its control."). In addition, "[a] simple mistake or misunderstanding regarding the application of the deadlines does not qualify." *Chronis v. United States*, No. 19 C 6909, 2020 WL 2324242, at *4 (N.D. Ill. May 11, 2020) (citing *See, e.g., Lakin v. Skaletsky*, 327 F. App'x 636, 638 (7th Cir. 2009); *Wilson v. Battles*, 302 F.3d 745, 748 (7th Cir. 2002); *see generally Lawrence v. Florida*, 549 U.S. 327, 337 (2007)).[1]

No relief is warranted on this basis.

## II. Request for Phone Recording Transcripts

Plaintiff requests that the Court order the clerk to search incoming call records for all calls from plaintiff between May 18, 2021, and April 26, 2022, and to produce transcripts of those calls. Dkt. 54. As a preliminary matter, the clerk's office does not routinely record phone conversations with the public and there is no reason to believe any recordings between clerk's office staff and Plaintiff exist. In addition, Plaintiff provides no authority in support of his request and the Court finds none. The request for phone recording transcripts, dkt [54], is **denied.**

## III. Conclusion

For the reasons explained above, Plaintiff's post-judgment Motion to Set Aside Erroneous Dismissal, dkt. [48], Motion Requesting Order for Phone Recording Transcripts, dkt. [54] and Motion Requesting Equitable Tolling, dkt. [56] are **denied**. Plaintiff's Motion to Amend/Correct to Set Aside Erroneous Dismissal; dkt. [55] is **granted in part and denied in part**.

---

[1] Plaintiff directed the Court's attention to *United States v. Wong,* 169 U.S. 649 (1898), and *United States v. June*, 503 F.2d 442 (1974), but it is not clear how these cases relate to the pending Rule 59(e) motions or request for equitable tolling.

SO ORDERED.

Date: 6/10/2022

_____
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

TEDDY H. DRIVER
2307 West Jefferson Street
Apt. #215-B
Kokomo, IN 46901-1739

Caren L. Pollack
POLLACK LAW FIRM, P.C.
cpollack@pollacklawpc.com

Daniel Mark Witte
TRAVELERS STAFF COUNSEL INDIANA
dwitte@travelers.com